IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marshall L. Watkins, ) | C/A No.  0:13-2597-MGL-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Perry Corr. Inst.; The Dept. of Corr.; Mrs. ) | |
| Johnson; Grievance Clerks; Lt. Teehan, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiff, Marshall L. Watkins ("Plaintiff"), a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is an inmate at Perry Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC"), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint, which requests injunctive relief and monetary damages for an alleged violation of Plaintiff's due process rights, names SCDC employees as defendants. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed for failure to state a claim upon which relief may be granted.

**I.     Factual and Procedural Background**

Plaintiff alleges that, on August 13, 2013, he was sent to "SMU lock up" and placed in a cell with an inmate who, like himself, had a "bottom bunk pass." (ECF No. 1 at 1.) Plaintiff was made to lie down with his mattress on the floor, thus re-injuring his lower back. Plaintiff claims that he wrote the Warden and "the grievance people," but they "purposly [sic] under process[ed]" his grievance form. (Id.) He complains that it was cruel and unusual punishment for the officers to

make him lie down on his mattress while on the hard concrete floor, and that his back pain is worse than ever.

Plaintiff explains that he cannot sleep on the top bunk, as it is not safe because if he turns over, he could fall off the bunk and either injure himself or die from the fall. (ECF No. 1 at 1.) He complains that neither the State nor SCDC has placed safety rails on the top bunks. In his request for relief, Plaintiff asks for "the grievance people" to be investigated and, if found guilty, to be fired. He also asks for the officers who placed him into the cell to be fired. Further, Plaintiff asks this court to contact the head nurse and let her know that he needs a back brace, Robaxin and ibuprofen, and to award him two million dollars in damages.

**II.     Discussion**

    **A.     Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324–25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant



who is immune from such relief."[1]  28 U.S.C. § 1915(e)(2)(B).  A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact."  Denton v. Hernandez, 504 U.S. at 31.  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.  Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993),

---

[1] Screening pursuant to § 1915A is subject to this standard as well.

PJG

or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### B.     Analysis

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." Rehberg v. Paulk, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

### 1.     Perry Correctional Institution

The Complaint in this case should be dismissed insofar as it names Perry Correctional Institution as a defendant. To state a claim for relief under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." See 42 U.S.C. § 1983; see generally 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1230 (2002). It is well settled that only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." See 42 U.S.C. § 1983; Monell, 436 U.S. at 690 n. 55. Courts have held that inanimate objects such as buildings, facilities, and grounds are not "persons" and do not act under color of state law. See Nelson v. Lexington Cnty. Det. Ctr., C/A No. 8:10–2988–JMC, 2011 WL 2066551, at *1 (D.S.C.



May 26, 2011) (finding that the plaintiff failed to establish that the Lexington County Detention Center, "as a building and not a person, is amenable to suit under § 1983"); see also Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C.1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Thus, Perry Correctional Institution cannot be named as a defendant in a suit under § 1983.

### 2.     South Carolina Department of Corrections

Plaintiff names "The Dept. of Corr.," or the South Carolina Department of Corrections ("SCDC")—a state agency—as a defendant in this action. Neither the State nor its agencies are "persons" for purposes of liability under § 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989). Additionally, absent waiver or consent, the Eleventh Amendment bars a suit directly against the State or its agencies. Seminole Tribe of Fla. v. Florida, 517 U.S. 44 (1996). The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Although the Eleventh Amendment expressly forbids suits in federal court by citizens of other States against a State, the Amendment also bars suits against a State filed by it own citizens. See Hans v. Louisiana, 134 U.S. 1 (1890). A State must consent to suit in a federal district court, which serves to waive sovereign immunity. See Lapides v. Bd. of Regents, 535 U.S. 613 (2002). Defendant SCDC has not consented to suit in federal court in this case and, therefore, the Eleventh Amendment bars Plaintiff from suing this defendant in this court.

Moreover, to the extent Plaintiff named SCDC as a defendant to seek damages from the State of South Carolina, this action is barred by Eleventh Amendment immunity. See Will, 491 U.S. 58, 70–71 (1989); see also Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139,



144 (1993) (stating that, absent waiver of Eleventh Amendment immunity, "neither a State nor agencies acting under its control may be subject to suit in federal court") (quotations and citations omitted).  Although a State may waive sovereign immunity, Lapides, 535 U.S. 613, the State of South Carolina has specifically denied this waiver for suit in federal district court.  See S.C. Code Ann. § 15-78-20(e); see also Quern v. Jordan, 440 U.S. 332, 343 (1979) (recognizing that Congress did not override the Eleventh Amendment when it created the remedy found in 42 U.S.C. § 1983 for civil rights violations).  Thus, SCDC should be summarily dismissed from this case.

### 3.     Mrs. Johnson and Lt. Teehan

The Complaint should also be summarily dismissed as to Defendants Mrs. Johnson and Lt. Teehan because Plaintiff has failed to allege any facts showing personal involvement by these defendants in connection with any alleged constitutional violation.[2]  See Iqbal, 556 U.S. at 677.  The law is clear that personal participation of a defendant is a necessary element of a § 1983 claim against a government official in his individual capacity.  Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001).  Accordingly, Plaintiff's claims against these defendants fail as a matter of law.

### 4.     Grievance Clerks

Plaintiff's claims against the Defendant Grievance Clerks are similarly without merit.  Inmates have no federal constitutional right to have any inmate grievance system in operation at the place where they are incarcerated.  See, e.g., Adams v. Rice, 40 F.3d 72 (4th Cir. 1994) (holding that inmates have no constitutional right to a grievance procedure); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Brown v. Dodson, 863 F. Supp. 284,

---

[2] In documents mailed to the court after filing his Complaint, Plaintiff adds a handwritten note that Lt. Teehan "put [him] in the cell."  (See ECF No. 16 at 1.)  To the extent that this note could be construed as an allegation against this defendant, it is insufficient to properly plead a constitutional claim.



285 (W.D. Va. 1994). Furthermore, simply because a state or local authority chooses to establish an inmate grievance system, that choice does not confer any substantive constitutional right on the prison inmates or pre-trial detainees. See Mann, 855 F.2d at 640. Therefore, Plaintiff's claims associated with the grievance process are not cognizable under § 1983.

      **5.**    **"Officers"**

In his request for relief, Plaintiff refers to "officers" who placed him into the cell, and he asks that they, and the Grievance Clerks, be fired. (See ECF No. 1 at 1.) However, "[f]ederal courts lack the authority to remove or reassign state employees." Maxton v. Johnson, 488 F. Supp. 1030, 1032 n.2 (D.S.C. 1980) (citation omitted). Therefore, this form of relief is not available in a § 1983 action.

**III.**    **Recommendation**

Accordingly, the court recommends that the Complaint be summarily dismissed without prejudice and without issuance and service of process.

                                                             _/s/ Paige J. Gossett_
                                                             Paige J. Gossett
                                                             UNITED STATES MAGISTRATE JUDGE

March 21, 2014
Columbia, South Carolina

        *Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).